Estate of Adelia E. Brown, Deceased, G. C. Brown, Executor v. Commissioner.
Estate of Brown v. Commissioner
Docket No. 7060-65.
United States Tax Court
T.C. Memo 1969-91; 1969 Tax Ct. Memo LEXIS 206; 28 T.C.M. (CCH) 497; T.C.M. (RIA) 69091; May 8, 1969. Filed John W. Dierker, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in the estate tax of Adelia E. Brown in the amount of $46,177.63. The sole issue for decision is what was the fair market value of 619 acres of land on May 13, 1962. Findings of Fact The decedent, Adelia E. Brown, died on May 13, 1962. A Federal estate tax return (Form 706) was timely filed on March 16, 1963, with the district director of internal revenue, Dallas, Texas. On Schedule A of the estate tax return, the executor included, as part of the gross estate of decedent, 619 acres of farmland in Floyd County, *207 Texas. The executor reported the value of the 619 acres at the date of death as $136,595. In the notice of deficiency, respondent determined that the value of the land was $288,068.74. The 619-acre tract is composed of the northwest one-fourth of section 80, block D-2; the south one-half of section 80, block D-2; and the northwest one-fourth of section 63, block D-2. A county road separates the 160 acres in the northwest one-fourth of section 63, block D-2, from the other 459 acres of the estate. The road had a dirt surface at the date of decedent's death. A railroad bisects diagonally the south one-half of section 80, block D-2. The railroad extends through the land for a distance of 100 feet. The embankment of the railroad is of such height that tractors must travel as much as a mile to a road in order to cross the embankment. The closest paved road was a mile from Adelia Brown's property at the date of her death. When the decedent died, the land was being farmed by a man who was sick and was not employing up-to-date farming methods. For that reason the land had become fouled with Johnson grass, possession vine, and other noxious weeds. Some of the land was completely eroded. *208 A hailstorm occurred shortly prior to Adelia Brown's death. The storm occurred during the midst of the planting season. The 619 acres had been under irrigation farming for a number of years. The land suffered, however, from its location at the extremity of the local irrigation water district. There were three irrigation wells on the property of Adelia Brown. In fact, these three wells were the only improvements. Notwithstanding an annual decline in the water level, it is expected that the land will be suitable for irrigation for another forty years. The saturated thickness of the water-bearing sands underneath decedent's property is about 125 to 150 feet. In the vicinity of decedent's property, land values rose in 1962, 1963, and 1964. Clifford E. Berlin purchased 191.11 acres out of the original 619-acre tract in March 1963. He paid approximately $550 an acre. The land was located in the south onehalf of section 80. Warren Mathis purchased 144.38 acres in February 1964. These acres were in the northwest onefourth of section 80. He paid about $388 per acre. Opinion The only issue presented to the Court for decision is the determination of the fair market value of 619 acres *209 of farmland owned by the decedent on the date of her death. The estate reported the farmland as having a total value of $136,595 for Federal estate tax purposes. This was about $221 per acre. The Commissioner's 498 statement accompanying his statutory notice increased the fair market value to $288,068.74. This amount averaged $465 per acre. A valuation engineer of the Internal Revenue Service has appraised the value of the land at the date of decedent's death at $350 per acre. We think that his evaluation was objective; however, it appears that two further factors should have been weighed in arriving at a valuation figure. When he considered comparable sales between 1953 and 1964, the largest sale which he considered involved only 377 acres. Most of the sales were of 160 acres or less. Thus, the sales which he used in his comparative study were not truly comparable with respect to the sizes of the tracts. Some downward adjustment should have been made for the increased difficulty in disposing of a 619-acre tract. A second factor was that the valuation engineer never viewed the tract until his preparation for the trial. He did not consider that a serious hailstorm had damaged *210 the farm shortly before the decedent's death. Also, he did not consider that there was a serious growth of Johnson grass, possession vine, and other noxious weeds on the farm when the decedent died. After considering all the evidence, we have concluded that the farm of Adelia Brown had a fair market value of $208,000 at the date of decedent's death. Decision will be entered under Rule 50.